JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x  11 CIV 8246

BBC CHARTERING AND LOGISTICS GmbH
& CO. KG,

                Case No.: 11 CV _____

                Petitioner,

                PETITION TO RECOGNIZE,
   - against -            CONFIRM, AND ENFORCE
                FOREIGN ARBITRAL AWARD

TODD MARITIME SERVICES LLC,

                Respondent.
------------------------------------------------------------x

RECEIVED
NOV 15 2011
U.S.D.C. S.D. N.Y.
CASHIERS

      Petitioner, BBC CHARTERING AND LOGISTICS GmbH & CO. KG ("BBC"), by and through its undersigned attorneys, Clyde & Co US LLP, as and for its Petition to Recognize, Confirm and Enforce the Foreign Arbitral Award rendered in favor of BBC and against Respondent TODD MARITIME SERVICES LLC ("TODD"), alleges upon information and belief as follows:

### JURISDICTION

    1.    Jurisdiction exists under this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), as implemented by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and 9 U.S.C. § 201 *et seq.*

    2.    In addition, this action is subject to this Court's admiralty jurisdiction, pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. Proc. 9(h) because the underlying dispute is maritime in nature and concerns a breach of a maritime contract.

## THE PARTIES

3. Petitioner BBC was and still is a foreign business entity, organized and existing pursuant to the laws of Germany.

4. Respondent TODD was and still is a business entity organized and existing pursuant to the laws of the State of New York with a principal place of business in New York, New York.

5. Upon information and belief, Todd Maritime Inc. is the trading name of Respondent TODD.

6. Personal jurisdiction exists over Respondent TODD because it is a business entity organized and existing under the laws of the State of New York with its principal place of business located at 475 Park Avenue South, 23rd Floor, New York, New York 10016. A copy of the New York Department of State Registration for Respondent TODD is attached as Exhibit "A" to the accompanying Declaration of Nicholas Magali dated November 15, 2011. ("Magali Declaration").

## VENUE

7. Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b) and (c) because, save for the parties' arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District.

8. Moreover, to the extent the Court asserts admiralty jurisdiction over this matter, venue is proper in accordance with Fed. R. Civ. Proc. 82.

## FACTS AND CLAIM

9. On or about April 29, 2010, Petitioner BBC, as disponent owner, and Respondent TODD, as charterer, entered into a charter party agreement on an amended Gencon 94 form for the charter of the motor vessel "SOUTHERN CROSS."

10. The charter party agreement is a maritime contract.

11. The parties' arbitration agreement is contained in Clause 19 of the charter party, which provides that the agreement is governed by English law and that the disputes between the parties will be referred to arbitration in London (Arbitration Act of 1996) and referred to three arbitrators, one to be appointed by each of the parties, and the third by the two so appointed, and that on the receipt by one party of the nomination in writing of the other party's arbitrator, that party shall appoint their arbitrator within 14 days, failing which the decision of the single arbitrator appointed shall be final.

12. During the course of the performance of the charter party, a dispute arose between the parties, regarding the Respondent TODD's failure to pay demurrage in the amount of $54,031.26, and clean up costs of $13,616.79. *See* Final Arbitration Award, para. 4, attached as Exhibit "B" to the Magali Declaration.

13. On March 23, 2011, Petitioner BBC duly appointed Mr. Bruce Buchan of 44 Nadine Street, London SE7 7PG, United Kingdom, as its arbitrator, and the same day so notified Respondent TODD in writing and demanded that TODD agree to his appointment as sole arbitrator or to nominate its own arbitrator within the time provided in the charter party. *See* Final Award, para. 3. Respondent TODD failed to respond and on April 8, 2011, Petitioner

appointed Mr. Buchan sole arbitrator and so notified Respondent in writing. Mr. Buchan accepted the appointment and so notified Respondent in writing. *Id.*

14. On June 10, 2011, Petitioner BBC served its claim submissions on Respondent TODD by courier. Respondent failed to make any response to Petitioner's submission as they were required to do under the arbitration procedures. *Id.*, at para. 5.

15. On July 14, 2011, the arbitrator Bruce Buchan ordered Respondent TODD via verified facsimile message to serve its Defense and any counterclaim in the arbitration by July 20, 2011. Respondent TODD did not respond to this order or serve its Defense or counterclaim. *Id.*, para. 5.

16. On July 25, 2011, the arbitrator Bruce Buchan served a final and preemptory order on respondent TODD by facsimile ordering TODD to serve its Defense and counterclaim by July 29, 2011, in default of which the arbitrator would proceed to issue an award solely on the basis of the submissions before him. *Id.*, para. 6. Respondent TODD failed to respond to this order, and did not serve its Defense or counterclaim. *Id.*, para. 7.

17. On August 3, 2011, the arbitrator advised Respondent TODD via facsimile that because Respondent had failed to comply with his prior orders, he now would proceed to issue an award solely on the basis of the submissions before him. *Id.*, para. 7.

18. On August 12, 2011, the arbitrator duly issued a Final Award in favor of Petitioner BBC and against Respondent TODD. The basis and reasoning for the award is set forth in paragraphs 8 through 19 of the Final Award.

19. The Final Award provides under its terms that Respondent is ordered to pay damages and costs as follows:

(a) principal damages for demurrage and clean-up expenses in the amount of $67,648.05;

(b) interest on the said amount at the rate of 5% per annum compounded at three monthly rests from 17 June 2010 until the date of payment;

(c) Petitioner BBC's legal costs, to be determined by the arbitrator if not agreed between the parties; and

(d) costs of the Final Award in the amount of 1,425 GPB (US$2,267.50), plus an immediate refund to Petitioners of any portion of the Final Award costs borne by Petitioners, plus interest at the rate of 5% per annum on any portion of the Final Award costs borne by Petitioner compounded at three monthly rests from the date of payment by Petitioners until the date of such refund.

*Id.*, paras. (A) – (D).

20. The Final Award is final as to all matters determined therein.

21. Petitioner BBC has demanded that Respondent TODD pay to it the sums due and owing under the Final Award, but TODD has failed and refused to pay any portion of that money to BBC. *See* Magali Declaration, ¶ 5.

22. Both the United Kingdom and the United States are parties to the New York Convention, which provides that a court sitting in any nation that is a party to the New York Convention must recognize and enforce a foreign arbitral award so long as the application for such is timely made and none of the delineated exceptions for non-recognition are present.

23. This application to recognize and confirm the arbitral award is timely in that it is brought within three (3) years from the date of the Final Award.

24. None of the reasons set forth in Article V of the New York Convention for non-recognition of the Final Award exist in this case.

WHEREFORE, Petitioner BBC prays:

A. That process in due form of law issue against the Respondent TODD, citing Respondent to appear and answer under oath all, and singular, the matters alleged in the Petition;

B. That its foregoing Petition to Recognize, Confirm and Enforce the Foreign Arbitration Award be granted and the Final Award be recognized, confirmed and made into a Judgment of this Court, to be entered in favor of Petitioner BBC, and against Respondent TODD, and that this Court also adjudge Respondent liable to Petitioner for interest on the Award and Judgment.

C. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments which may be obtained;

D. That this Court grant Petitioner its costs and expenses, including reasonable attorneys fees, in pursuing Judgment and Enforcement; and

E. That Petitioner may have such other, further and different relief as may be just and proper.

Dated: New York, New York
       November 15, 2011

CLYDE & CO US LLP

By: *Nicholas Magali*
Christopher Carlsen (CC 9628)
Nicholas L. Magali (NM 5775)
405 Lexington Avenue
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950
christopher.carlsen@clydeco.us
nicholas.magali@clydeco.us

Attorneys for Petitioner
BBC CHARTERING AND LOGISTICS GMBH & CO KG